Filed 10/20/21  P. v. Mitchell CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICKY MARSDEN MITCHELL,<br><br>Defendant and Appellant. | F081153<br><br>(Super. Ct. No. SC052002A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Hill, P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

In 1993, petitioner Ricky Marsden Mitchell entered a plea of no contest to the murder of Verlin Mitchell[1] (Pen. Code,[2] § 187, subd. (a)), and admitted the special circumstance of murder during the commission or attempted commission of a burglary (§ 190.2, former subd. (a)(17)(VII)).[3] For this offense, he was sentenced to a term of life without the possibility of parole.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The court summarily denied the petition without stating its reasons.

On appeal, petitioner asserts he established a prima facie claim for resentencing relief, and the court therefore erred in denying the petition without issuing an order to show cause and holding an evidentiary hearing. We conclude the court did not err in summarily denying the petition without issuing an order to show cause or holding an evidentiary hearing because the record establishes petitioner is ineligible for resentencing as a matter of law. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying the offenses are not relevant to our determination, and we therefore summarize them only briefly.[4]

---

[1] Although petitioner and the decedent share the same last name, they do not appear to be related. To avoid confusion, we refer to Verlin by his first name. No disrespect is intended.

[2] Undesignated statutory references are to the Penal Code.

[3] Petitioner was originally charged with additional offenses, as described below.

[4] We deny petitioner's November 18, 2020 request for judicial notice of the record in his prior appeal, *People v. Mitchell*, F020913. (See *People v. Sanders* (2003) 31 Cal.4th 318, 323, fn. 1 [declining to take judicial notice of documents that were not before the trial court]; see also *People v. Young* (2005) 34 Cal.4th 1149, 1171, fn. 3 [judicial notice cannot be taken of any matter that is irrelevant].)

Our factual summary is derived from records contained in the record on appeal in the instant case, specifically a summary of police reports contained in the probation

2.

On October 5, 1992, Verlin was found lying face down, bound, and dead on his bed from multiple gunshot wounds to the head and a broken neck caused by either a blow to the head with an object or by being "stomped on." The residence appeared to have been ransacked and both his vehicles were missing. Petitioner, Mike G., Charles O., and Larry F.[5] were stopped that afternoon in New Mexico in one of Verlin's vehicles and arrested. Two firearms were found in the vehicle. Each of the individuals made incriminating statements. Relevant here, petitioner told police that Mike planned the burglary and murder, hit Verlin on the head and neck with an ax, and then shot Verlin. Charles told police that petitioner and Mike were both armed, and Mike shot Verlin twice after being urged to do so by petitioner. Mike told police that petitioner was armed, directed the others to restrain Verlin, and told Mike he had to shoot Verlin or petitioner would kill Mike's parents. Larry's statements were generally consistent with the others, although he was unsure who killed the victim.

On November 13, 1992, the Kern County District Attorney charged petitioner with premeditated murder (§ 187, subd. (a); count 1), with the special circumstance that the murder was committed during the commission or attempted commission of a burglary (§ 190.2, former subd. (a)(17)(VII)); two counts of residential burglary (former § 460.1; counts 2 & 5); and two counts of vehicle theft (Veh. Code, § 10851, subd. (a); counts 3 & 4). As to count 1, the People also alleged petitioner personally used a firearm (§ 12022.5, subd. (a)), and a principal was armed with a firearm (§ 12022, subd. (a)(1)).

On September 29, 1993, petitioner entered a plea of no contest to count 1, and admitted the burglary special circumstance. The parties stipulated that petitioner was not the shooter in the murder. The remaining counts and allegations were dismissed.

---

officer's report. The parties previously stipulated that the police reports provided part of the factual basis for the plea.

[5]    Mike, Charles, and Larry were minors at the time of the offense. Charles and Larry are brothers.

On November 29, 1993, the court sentenced petitioner on count 1 to a term of life without the possibility of parole.

On February 7, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he pled guilty or no contest to first or second degree murder; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. He further averred that he was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime.

The court appointed counsel to represent petitioner.

On March 5, 2019, the People filed an opposition to the petition and a motion to dismiss the petition, both arguing section 1170.95 is unconstitutional.[6] On March 29, 2019, the People filed an opposition on the merits to petitioner's petition, arguing that the facts, as testified to at the preliminary hearing, demonstrated petitioner was a major participant in the crime and acted with reckless indifference to human life.

On May 15, 2019, petitioner's counsel was relieved due to a conflict of interest and new counsel was appointed.

On September 19, 2019, the People filed a motion to dismiss the petition arguing that the facts, as testified to at the preliminary hearing, demonstrated petitioner was a major participant in the crime and acted with reckless indifference to human life, and additionally aided and abetted in the murder with the intent to kill. The People also

---

[6] The motion was fully briefed and eventually denied by the court.

argued petitioner's admission of the burglary-murder special circumstance constituted an admission that his conviction did not fall within the provisions of section 1170.95.

On April 14, 2020, petitioner filed a reply, arguing that the record did not rebut his assertion that he is entitled to relief and the court could not resolve whether petitioner was a major participant who acted with reckless indifference to human life without resolving factual questions at an evidentiary hearing.

On April 17, 2020, the People filed a reply to petitioner's reply, arguing once again that the special circumstance admission rendered petitioner ineligible for relief.

On May 11, 2020, the court denied the petition in a minute order without providing a statement of reasons.

This timely appeal followed.

## DISCUSSION

### I. Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Section 1170.95

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the

5.

following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[7]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above."[8]  (*Gentile*, at p. 843.)

"Section 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, "an offender must file a petition in the sentencing court averring that:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;]  [¶]  [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'  (§ 1170.95, subd[]. (a)(1)-(3); see also § 1170.95, subd. (b)(1)(A).)  Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.'  (§ 1170.95, subd. (b)(1)(C).)  If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of

---

[7]     Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review granted Feb. 24, 2021, S266336.)

[8]     The Legislature recently passed, and the Governor signed, a bill amending section 1170.95.  (Sen. Bill No. 775 (2021-2022 Reg. Sess.).)  The amendments are not yet effective (Cal. Const., art. IV, § 8, subd. (c)(1)) and, in any event, would not alter our analysis.  We quote from the version of section 1170.95 presently in effect.

another petition.'  (§ 1170.95, subd. (b)(2).)"  (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), counsel must be appointed, if requested.  The prosecutor must file a response and the petitioner may file a reply.  The trial court must then review the petition to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.)  In making this determination, the court may rely on the record of conviction.  (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).)  At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.'  (§ 1170.95, subd. (d)(3).)  'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.'  (*Ibid.*)"  (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.    The Petition was Properly Denied

Petitioner contends he set forth a prima facie claim for relief and the trial court erred in denying his petition without issuing an order to show cause.  We conclude the

7.

petition was properly denied at the prima facie stage because petitioner's admission of the special circumstance establishes petitioner is ineligible for resentencing as a matter of law.

To be eligible for relief pursuant to section 1170.95, petitioner must not have been the actual killer, must not have acted with the intent to kill, and must not have been a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.) Here, petitioner admitted a burglary-murder special circumstance pursuant to section 190.2, subdivision (a)(17). In so doing, petitioner admitted he acted "with reckless indifference to human life and as a major participant" in aiding or abetting the commission of the underlying felony. (§ 190.2, subd. (d); *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419.) In other words, "[t]he language of the special circumstance tracks the language of Senate Bill [No.] 1437 and the new felony-murder statutes." (*Gutierrez-Salazar*, at p. 419.) By admitting this special circumstance, petitioner admitted the facts necessary to sustain a felony-murder conviction under the amended law. Petitioner's admission on the burglary-murder special circumstance establishes that he is ineligible for resentencing as a matter of law.

Nonetheless, petitioner argues the special circumstance admission, standing alone, is insufficient to render him ineligible for resentencing as a matter of law. In support, he relies on *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), both decided after his conviction was final. "*Banks* and *Clark* 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.' " ' [Citation.] *Banks* identified certain factors to consider in determining whether a defendant was a major participant; *Clark* identified factors to guide the determination of whether the defendant acted with reckless indifference to human life." (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033 (*Gomez*).) Courts of Appeal are split

on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1170.95 resentencing relief as a matter of law (see *People v. Jones* (2020) 56 Cal.App.5th 474, 478-479 [collecting cases], review granted Jan. 27, 2021, S265854 (*Jones*)), and our Supreme Court has granted review to decide the issue (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606).

Courts which have held that a pre-*Banks* and *Clark* felony-murder special-circumstance finding bars section 1170.95 resentencing relief have reasoned that *Banks* and *Clark* merely clarified the law as it always was. (*Jones*, *supra*, 56 Cal.App.5th at pp. 482, 484, review granted; accord, *People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918; *People v. Allison* (2020) 55 Cal.App.5th 449, 458.) These courts further note that our Supreme Court does not require juries to be instructed on the *Banks* and *Clark* clarifications. "Rather, while CALCRIM No. 703 now includes *optional* language drawn from *Banks* and *Clark* regarding the factors a jury *may consider*, '[t]he bench notes to the instruction state that *Banks* "stopped short of holding that the court has a sua sponte duty to instruct on those factors," and *Clark* "did not hold that the court has a sua sponte duty to instruct on those factors." ' " (*Nunez*, at pp. 92-93; accord, *Jones*, at p. 484; *Allison*, at pp. 458-459.) Thus, these courts found "no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a post-*Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards." (*Nunez*, at p. 94.)

These courts have also held that an attack on a special circumstance finding in a section 1170.95 proceeding effectively constitutes a collateral attack on the judgment. (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142, review granted Oct. 14, 2020, S264284; *Gomez*, *supra*, 52 Cal.App.5th at p. 16, review granted.) According to these courts, a petitioner who wishes to argue the special circumstance finding is invalid under current law must first seek to invalidate that finding through a petition for writ of habeas

corpus before seeking resentencing pursuant to section 1170.95. (*Galvan*, at p. 1142; *Gomez*, at p. 17; *Jones*, *supra*, 56 Cal.App.5th at p. 485, review granted.) These courts reason that a contrary interpretation "would read into section 1170.95 a new procedure allowing petitioners to ignore a special circumstance finding—no matter how well supported in the record—as well as the recognized method of challenging it. Such petitioners would be allowed to relitigate a prior jury finding at an evidentiary hearing where the prosecution bears the burden of proving the truth of the finding, beyond a reasonable doubt, a second time." (*Jones*, at p. 485.)

On the other hand, courts that have found a special circumstance finding insufficient to render a petitioner ineligible for relief have reasoned that *Banks* and *Clark* "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, review granted June 24, 2020, S262011, abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at pp. 962-963; accord, *People v. Harris* (2021) 60 Cal.App.5th 939, 958, review granted Apr. 28, 2021, S267802.) Thus, these courts surmised that a petitioner with a pre-*Banks* and *Clark* special circumstance finding may have been convicted based on "conduct that is not prohibited by section 190.2 as currently understood." (*Torres*, at p. 1180; accord, *Harris*, at p. 958; *People v. York* (2020) 54 Cal.App.5th 250, 258, review granted Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835.) To the extent the jury's finding on a felony-murder special circumstance is legally insufficient under *Banks* and *Clark*, it cannot refute a prima facie showing of entitlement to resentencing relief. (*People v. Secrease* (2021) 63 Cal.App.5th 231, 256.) Accordingly, in considering whether a petitioner is entitled to relief pursuant to section 1170.95, the trial court must first determine whether "the evidence presented at trial was sufficient to support the felony-murder special-circumstance finding under *Banks* and *Clark*." (*Secrease*, at p. 264.)

A panel of this court has recently resolved to follow the line of authority holding that a special circumstance finding precludes relief as a matter of law. (*People v. Simmons* (2021) 65 Cal.App.5th 739, 748-749, review granted Sept. 1, 2021, S270048.) We agree. *Banks* and *Clark* did not state a new rule of law. Rather, they relied on the United States Supreme Court's decisions in *Enmund v. Florida* (1982) 458 U.S. 782 and *Tison v. Arizona* (1987) 481 U.S. 137 to clarify principles that had long been in existence at the time petitioner was convicted. (See *In re Miller* (2017) 14 Cal.App.5th 960, 978; accord, *People v. Allison*, *supra*, 55 Cal.App.5th at p. 458; *Gomez*, *supra*, 52 Cal.App.5th at p. 13, fn. 5, review granted.) *Enmund* prohibited felony-murder liability for a defendant that "did not commit the homicide, was not present when the killing took place, and did not participate in a plot or scheme to murder," and explained that, to be liable for felony murder, the aider and abettor must himself "kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." (*Enmund*, at pp. 795, 797.) *Tison* held that, "major participation in the felony committed, combined with reckless indifference to human life, is sufficient to satisfy the *Enmund* culpability requirement." (*Tison*, at pp. 151, 158.) As *Banks* noted, this language from *Tison* was later codified by the California electorate in section 190.2, subdivision (d). (*Banks*, *supra*, 61 Cal.4th at p. 800.) To the extent *Banks* and *Clark* illuminated factors a fact finder might consider in determining whether a defendant was a major contributor who acted with reckless indifference to human life, they drew those factors from *Edmund* and *Tison.* (See *Banks*, at pp. 801, 803; see also *Clark*, *supra*, 63 Cal.4th at pp. 615, 618-623.) These principles existed when petitioner was convicted. There is no basis to conclude petitioner's admission involved different standards than those described in *Banks* and *Clark*.

Petitioner is ineligible for resentencing as a matter of law, and the court was not required to issue an order to show cause or hold an evidentiary hearing. The petition was properly denied. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.)

## DISPOSITION

The order is affirmed.